PROB. 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT

for

FILED BY _____ O.C.

05 MAY -2 AM 9: 32

## WESTERN DISTRICT OF TENNESSEE

ROBERT R. DI TROLIO
CLERK U.S. DIST. CT.
MEMPHIS

**U. S. A. vs.  MARK TAYLOR**                              Docket No._____2:05CR20084-01

### Petition on Probation and Supervised Release

 **COMES NOW** Willie S. Williams, Jr. , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Mark Taylor , who was placed on supervision by the Honorable Avern Cohn sitting in the Court at Detroit, Michigan, on the 25th day of April, 1995 who fixed the period of supervision at five (5) years* ,  and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

*        **Effective date of Supervision: October 24, 2000.**

         **Transfer of Jurisdiction was accepted in this district (WD/TN/Memphis) effective February 25, 2005, by United States District Judge Bernice B. Donald.**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**(SEE ATTACHED)**

**PRAYING THAT THE COURT WILL ORDER** that a **SUMMONS** be issued for Mark Taylor to appear before the Honorable Bernice B. Donald to answer charges of Supervised Release violations.

**ORDER OF COURT**

Considered and ordered this 2nd day of May , 2005 , and ordered filed and made a part of the records in the above case.

U. S. District Judge Bernice B. Donald

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on April 25, 2005

Senior United States Probation Officer

Place: Memphis, TN

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 5-2-05

③

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT VIOLATED THE FOLLOWING CONDITION OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state, or local crime.**

On January 25, 2005, Mr. Taylor was arrested by the Shelby County Sheriff's Department on a warrant charging Vehicular Homicide. According to the Affidavit of Complaint, on January 20, 2005, Mr. Taylor was being chased by another vehicle driven by Ronnie Fox. Mr. Taylor's vehicle entered an intersection, disregarded a stop sign, and subsequently struck a third vehicle carrying a two year old child. The child was transported to LeBonheur Hospital for treatment of injuries suffered in the accident. On January 21, 2005, the child died as a result of the injuries. The medical examiner's office ruled the death a homicide. Ronnie Fox turned himself in to police officers, admitting that he had been chasing Mark Taylor. Mr. Fox stated that the chase began after an altercation between he and Mr. Taylor. On March 2, 2005, a Preliminary Hearing was held in Division 13 of the General Sessions Courts for Shelby County, Tennessee. Mr. Taylor was Held to the State on the charge of Vehicular Homicide. He is presently released on a $75,000.00 bond.

VIOLATION WORKSHEET

1. **Defendant**    Mark Taylor (Address: 5400 Park Avenue, No. 326, Memphis, TN 38119)

2. **Docket Number (Year-Sequence-Defendant No.)**    2:05CR20084-01

3. **District/Office**    Western District of Tennessee (Memphis)

4. **Original Sentence Date**    <u>04</u> / <u>25</u> / <u>1995</u>
   month    day    year

*(If different than above):*

5. **Original District/Office**    **Eastern District of Michigan  (Detroit)**

6. **Original Docket Number (Year-Sequence-Defendant No.)**    CR 93-80335

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation{s} | Grade |
   |---|---|
   | • New criminal conduct of Vehicular Homicide | A |
   | • | |
   | • | |
   | • | |
   | • | |
   | • | |
   | • | |

8. **Most Serious Grade of Violation (see §7B1.1(b))**    A

9. **Criminal History Category (see §7B1.4(a))74**    I

10. **Range of imprisonment (see §7B1.4(a))**    | 24 - 30 | months |

    18 USC §3583(e) authorizes a maximum sentence of 60 months

11. **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

   { }    (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { }    (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   { X }    (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant**     Mark Taylor

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____ N/A _____    Community Confinement _____ N/A _____

Fine ($) _____ N/A _____    Home Detention _____ N/A _____

Other _____ N/A _____    Intermittent Confinement _____ N/A _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ N/A _____ to _____ N/A _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15. **Official Detention Adjustment {see §7B1.3(e)}:** _____ months _____ days

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CR-20084 was distributed by fax, mail, or direct printing on May 2, 2005 to the parties listed.

---

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT