PROB. 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

U. S. A. vs.  MARK TAYLOR                    Docket No._____2:05CR20084-01

## AMENDED

### Petition on Probation and Supervised Release

      COMES NOW  Willie S. Williams, Jr.  , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Mark Taylor , who was placed on supervision by the Honorable Avern Cohn sitting in the Court at Detroit, Michigan, on the 25th day of April, 1995 who fixed the period of supervision at five (5) years* ,  and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

\*     **Effective date of Supervision: October 24, 2000.**

     **Transfer of Jurisdiction was accepted in this district (WD/TN/Memphis) effective February 25, 2005, by United States District Judge Bernice B. Donald.**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### (SEE ATTACHED)

**PRAYING THAT THE COURT WILL ORDER** that the petition submitted on April 25, 2005, be **AMENDED** to include the additional charge contained in this petition.

BOND:_____

| | |
|---|---|
| **ORDER OF COURT** | I declare under the penalty of perjury that the foregoing is true and correct. |
| Considered and ordered this 12 day of August , 200 5, and ordered filed and made a part of the records in the above case. | Executed on August 4, 2005 |
| Bernice B. Donald<br>United States District Judge | Senior United States Probation Officer<br><br>Place: Memphis, TN |

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**THE DEFENDANT VIOLATED THE FOLLOWING CONDITION OF SUPERVISED RELEASE:**

**The defendant shall not commit another Federal, state, or local crime.**

On January 25, 2005, Mr. Taylor was arrested by the Shelby County Sheriff's Department on a warrant charging Vehicular Homicide. According to the Affidavit of Complaint, on January 20, 2005, Mr. Taylor was being chased by another vehicle driven by Ronnie Fox. Mr. Taylor's vehicle entered an intersection, disregarded a stop sign, and subsequently struck a third vehicle carrying a two year old child. The child was transported to LeBonheur Hospital for treatment of injuries suffered in the accident. On January 21, 2005, the child died as a result of the injuries. The Medical Examiner's Office ruled the death a homicide. Ronnie Fox turned himself in to police officers, admitting that he had been chasing Mark Taylor. Mr. Fox stated that the chase began after an altercation between he and Mr. Taylor. On May 26, 2005, Mr. Taylor was indicted on the charge of Vehicular Homicide by the Grand Jury for Shelby County, Tennessee. Bond was set at $75,000.00.

On June 14, 2005, Mr. Taylor was named in a one (1) count Federal indictment in the Western District of Tennessee. He was charged with Conspiracy to Possess With Intent to Distribute and Distributing in Excess of 5 Kilograms of Cocaine between about 2001 through at least or about September 30, 2003. According to information set forth in the indictment, Mr. Taylor, along with Lermedeyo Malone, and other persons both known and unknown to the Grand Jury, conspired to possess with the intent to distribute and to distribute Cocaine in the Western District of Tennessee and elsewhere. Mr. Taylor was ordered detained pending trial. His case has been assigned to Judge J. Daniel Breen (2:05CR20221-01).

VIOLATION WORKSHEET

1. **Defendant**  Mark Taylor (Address: 5400 Park Avenue, No. 326, Memphis, TN 38119)

2. **Docket Number (Year-Sequence-Defendant No.)**  2:05CR20084-01

3. **District/Office**  Western District of Tennessee (Memphis)

4. **Original Sentence Date**  __04__ / __25__ / __1995__
   month     day     year

*(If different than above):*

5. **Original District/Office**  Eastern District of Michigan  (Detroit)

6. **Original Docket Number (Year-Sequence-Defendant No.)**  CR 93-80335

7. **List each violation and determine the applicable grade {see §7B1.1}:**

   | Violation{s} | Grade |
   |---|---|
   | • New criminal conduct of Vehicular Homicide | A |
   | • New criminal conduct of Conspiracy to Possess With the Intent to Distribute and to Distribute in Excess of 5 Kilograms of Cocaine. | A |
   | • | |
   | • | |
   | • | |
   | • | |

8. **Most Serious Grade of Violation (see §7B1.1(b))**  A

9. **Criminal History Category (see §7B1.4(a))74**  I

10. **Range of Imprisonment (see §7B1.4(a))**  | 24 - 30 | months |

    18 USC §3583(e) authorizes a maximum sentence of 60 months

11. **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

    { }  (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }  (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    {X}  (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant** _____ Mark Taylor _____

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____ N/A _____   Community Confinement _____ N/A _____

Fine ($) _____ N/A _____   Home Detention _____ N/A _____

Other _____ N/A _____   Intermittent Confinement _____ N/A _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ N/A _____ to _____ N/A _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15. **Official Detention Adjustment {see §7B1.3(e)}:** _____ months _____ days

Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:05-CR-20084 was distributed by fax, mail, or direct printing on August 17, 2005 to the parties listed.

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Jeffrey Jones
JONES LAW FIRM
6540 Stage
Bartlett, TN 38134

Honorable Bernice Donald
US DISTRICT COURT